**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hermenes GONZALEZ–VALDEZ,
Defendant–Appellant.**

**No. 07–50364.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2008.

Filed April 8, 2009.

Christina M. McCall, Esquire, John B. Owens, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent James Brunkow, Esquire, Assistant Appellate, Supervisor, Steven F. Hubachek, Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, MINER,* and BERZON, Circuit Judges.

MEMORANDUM **

Hermenes Gonzalez–Valdez challenges his judgment of conviction on two grounds and also challenges his sentence. Because we find the hearsay issue to be dispositive, we do not decide any other questions presented by this appeal.

---

* The Honorable Roger J. Miner, Senior United States Circuit Judge of the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Gonzalez–Valdez contends that the contents of a telephone conversation between an ICE agent and an unknown caller were improperly admitted against him under the co-conspirator exception to the hearsay rule. We agree. "In order for a statement to qualify for admission as the statement of a co-conspirator, the following preliminary facts must be shown: (1) there was a conspiracy, (2) the defendant *and the declarant* were participants in the conspiracy, and (3) the statement was made by the declarant during and in furtherance of the conspiracy." *United States v. Bridgeforth*, 441 F.3d 864, 869 (9th Cir. 2006) (emphasis added). However, "the government cannot rely solely on the co-conspirator statements themselves" to establish the existence of a conspiracy or the defendant and the *declarant's* involvement in it, but must instead put forward *"independent evidence"* to establish this foundation. *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir.1994) (emphasis added). As we have previously held, "*some* evidence aside from the proffered co-conspirator's statements [must] be presented to show that the defendant knowingly participated in the alleged conspiracy [with the declarant]." *United States v. Silverman*, 861 F.2d 571, 577 (9th Cir. 1988).

Here, there is no evidence other than the alleged co-conspirator's statements themselves that would establish the existence of a conspiracy between the defendant and the unknown, unidentified caller. As the government acknowledges, it proffered only three pieces of information to establish a conspiracy between Gonzalez–

Valdez and the unknown caller: (1) "the drugs found in the car" (2) "Gonzalez–Valdez's conflicting stories" to the Border Agents, and (3) "the phone call to Gonzalez–Valdez's cell phone," which consists of the alleged co-conspirator's statements themselves. The first two items have nothing to do with the unknown caller and cannot possibly establish *his* participation in a conspiracy as required under *Bridgeforth*. Only the phone statements made in the course of the conversation tie the unknown caller to the conspiracy. However, the existence of the phone call is in no respect independent of the *contents* of the call, which consist of the hearsay statements offered for admission. *Cf. Castaneda*, 16 F.3d at 1507–09. To allow the contents of a call to be admitted based simply on the existence of the call itself "would be to render [the hearsay] statements self-validating" for purposes of the co-conspirator rule, in direct contravention of *Silverman*. 861 F.2d at 577.[1]

Accordingly, we hold that the admission of the contents of the phone call between Agent Ballard and the unknown caller, which the government itself described as "devastating ... evidence," was reversible error. We therefore **REVERSE** the judgment of conviction and **REMAND** for further proceedings consistent with this disposition.

---

1. Because the government presented no other justification for the introduction of the contents of the phone call in either the district court or on appeal, we offer no view as to whether the statements at issue would be admissible on any basis other than the co-conspirator exception to the hearsay rule, or even as to whether the contents of the call constitute hearsay. Nor do we consider what objections the defendant might raise to the government's change in theory should it seek to justify the admissibility of the conversation or any portions of it on other grounds in any further proceeding.